UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: SCIENCE APPLICATIONS INTERNATIONAL CORP.
(SAIC) BACKUP TAPE DATA THEFT LITIGATION  MDL No. 2360

TRANSFER ORDER

**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, common defendant Science Applications International Corp. (SAIC) moves to centralize this litigation in the District of District of Columbia. The motion encompasses eight actions – five actions pending in the District of District of Columbia, and one action each in the Northern District of California, the Southern District of California, and the Western District of Texas, as listed on Schedule A.

Although all responding parties support centralization, there is disagreement as to the choice of an appropriate transferee district. Defendants TRICARE Management Activity, the United States Department of Defense, and Secretary of Defense Leon Panetta (collectively the Federal Defendants) support centralization in the District of District of Columbia.,[1] as does plaintiff in the Northern District of California action. Plaintiffs in the Southern District of California and Western District of Texas actions support centralization in the Western District of Texas. In the alternative, the Southern District of California plaintiff argues for centralization in the Southern District of California.

On the basis of the papers filed and hearing session held, we find that these eight actions involve common questions of fact, and that centralization under Section 1407 in the District of District of Columbia will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions all arise out of the September 2011 theft of computer tapes containing personally identifiable and protected health information of approximately 4.9 million active duty and retired service members and their families. The actions thus share factual issues regarding the theft and whether defendants utilized adequate safeguards to protect the stolen information. Centralization will avoid duplicative discovery, eliminate the risk of inconsistent pretrial rulings on class certification and other pretrial matters, and conserve the resources of the parties, their counsel, and the judiciary.

We conclude that the District of District of Columbia is an appropriate transferee district for pretrial proceedings in this litigation. Five of the eight actions, including the first-filed action, are

---

[*] Judge Kathryn H. Vratil took no part in the decision of this matter.

[1] The Federal Defendants, which are parties in only the five actions in the District of District of Columbia, state that they oppose centralization if the Panel were to centralize this litigation in another district.

- 2 -

pending in that district. In addition, SAIC and the Federal Defendants have their headquarters in or near the district.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of District of Columbia are transferred to the District of District of Columbia and, with the consent of that court, assigned to the Honorable Robert L. Wilkins for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

*[signature]*

John G. Heyburn II
Chairman

W. Royal Furgeson, Jr.         Barbara S. Jones
Paul J. Barbadoro              Marjorie O. Rendell
Charles R. Breyer

**IN RE: SCIENCE APPLICATIONS INTERNATIONAL CORP.**
**(SAIC) BACKUP TAPE DATA THEFT LITIGATION**         MDL No. 2360

## SCHEDULE A

<u>Northern District of California</u>

Ella Deatrick v. Science Applications International Corporation, C.A. No. 3:12-01055

<u>Southern District of California</u>

Mark Losack v. SAIC, Inc., C.A. No. 3:12-00097

<u>District of District of Columbia</u>

Virginia E. Gaffney, et al. v. TRICARE Management Activity, et al., C.A. No. 1:11-01800
Von W. Richardson, et al. v. TRICARE Management Activity, et al., C.A. No. 1:11-01961
James F. Biggerman, Jr. v. TRICARE Management Activity, et al., C.A. No. 1:11-02142
Murry Moskowitz, et al. v. TRICARE Management Activity, et al., C.A. No. 1:11-02283
Jessica Palmer, et al. v. TRICARE Management Activity, et al., C.A. No. 1:12-00008

<u>Western District of Texas</u>

Fernando Arellano v. Science Applications International Corporation, C.A. No. 5:11-00884